AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

# Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 24-00254 RT | 3/22/2024 at 1600 hours | N/A |

Inventory made in the presence of :
Marcos Osuna, Computer Forensics Analyst, HSI

Inventory of the property taken and name(s) of any person(s) seized:

Digital data forensically extracted from cellular device

```
FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Mar 25, 2024, 1:40 pm
Lucy H. Carrillo, Clerk of Court
```

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 3/25/2024

*McKenzie Jones*
Executing officer's signature

McKenzie Jones, Special Agent
Printed name and title

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>ONE WHITE APPLE IPHONE CELLULAR TELEPHONE<br>SEIZED ON MARCH 1, 2024 AND CURRENTLY IN THE<br>CUSTODY OF HSI HONOLULU | Case No. 24-00254 RT |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Hawaii_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment "A", which is attached hereto and incorporated herein by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment "B", which is attached hereto and incorporated herein by reference

**YOU ARE COMMANDED** to execute this warrant on or before _____April 2, 2024_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   March 22, 2024 at 2:15 p.m.

City and state:   Honolulu, Hawaii

*(signature)*
Rom A. Trader
United States Magistrate Judge

## **ATTACHMENT A**

## **PROPERTY TO BE SEARCHED**

The property to be searched is as follows:

One white Apple iPhone without a known serial number. The SUBJECT DEVICE was seized by Homeland Security Investigations from the person of CODEE HOUSTON in Long Beach, California at the time of his arrest on March 1, 2024. The SUBJECT DEVICE is currently secured and located at the HSI Honolulu office, 595 Ala Moana Boulevard, Honolulu, Hawaii.

# **ATTACHMENT B**

# **EVIDENCE TO BE SEIZED**

1. All records on the SUBJECT DEVICE described in Attachment A that relate to violations of 21 U.S.C. §§ 841 and 846 involving CODEE HOUSTON from approximately July 2022 through the present, including but not limited to:

    a. Electronic records of telephone numbers, names, and other identifying information pertaining to incoming and outgoing calls and text messages on the SUBJECT DEVICE, relating to violations of 21 U.S.C. §§ 841 and 846;

    b. Electronic phonebook directories of the cellular phone numbers, names, and other identifying information maintained on the SUBJECT DEVICE, relating to violations of 21 U.S.C. §§ 841 and 846;

    c. Text and voice messages and other communication records electronically maintained on the SUBJECT DEVICE, relating to violations of 21 U.S.C. §§ 841 and 846;

    d. Photographs or videos maintained on the SUBJECT DEVICE relating to violations of 21 U.S.C. §§ 841 and 846;

    e. Information related to the identity of buyers of controlled substances;

  f. Information related to types, amounts, and prices of controlled substance transactions, as well as dates, places, and amounts of these transactions;

  g. Information related to sources of drugs and related identifying information;

  h. Information related to the schedule or travel of HOUSTON and/or sources, co-conspirators or customers in connection with a controlled substance transaction; and

  i. Tracking information related to United States Postal Service parcels from the United States Mainland to P.O. Box 383946 Waikoloa, HI 96738.

  j. Bank records, checks, credit card bills, account information, and other financial records, and related information belonging to HOUSTON or other seller or purchaser of controlled substances.

2. Evidence of user attribution showing who used, owned, and/or possessed the SUBJECT DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. During the execution of the search of the SUBJECT DEVICE described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of HOUSTON to the fingerprint scanner of the device; and/or (2) hold the device in front of the face HOUSTON and activate

3

the facial recognition feature, for the purpose of unlocking the device in order to search the contents as authorized by this warrant.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.